**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHEILA ROSS,

      Plaintiff,

vs.                               CASE NO. 3:12-cv-267-J-99TJC-TEM
DAVID WILKINS, Secretary,
DEPARTMENT OF CHILDREN AND FAMILIES,
STATE OF FLORIDA; EVA HANEY; and
PATTI MATLOCK,

      Defendants.

_____

**O R D E R**

      This case came before the Court on October 31, 2012, for a hearing on a number

of motions pertaining to service of process issues in this case.[1]  Counsel for the served

parties were present.[2]  The Court heard argument on Defendant Haney's Motion to Dismiss

Plaintiff's Complaint Due to Insufficient Service (Doc. #4, "Haney's Motion to Dismiss"),

Defendant Matlock's Motion to Dismiss  Plaintiff's Complaint Due to Insufficient Service

(Doc. #5, "Matlock's Motion to Dismiss"), and Plaintiff's Alternative Motion for Extension of

Time for Service (Doc. #6, "Alternative Motion").  Responses to each of the motions had

been filed (*see* Doc. #6, Plaintiff's Response in Opposition to Motion[s] to Dismiss; Doc. #7,

Defendants Haney's and Medlock's Response to Plaintiff's Motion for Extension of Time

---

      [1]The non-transcribed recording of the hearing is hereby incorporated by reference.
 The parties may contact the Courtroom Deputy of the undersigned if a transcript of the
hearing is desired.

      [2]It was ascertained during the course of the hearing that David Wilkins as Secretary
of the Department of Children and Families in the State of Florida had yet to be properly
served.  Counsel for Eva Haney and Patti Matlock represented to the Court that they would
also be counsel for the State of Florida if the Department of Children and Families ("DCF")
is properly served.

for Service)[3] and reviewed by the Court prior to the hearing.  Accordingly, this matter was ripe for judicial review.

## I.    BACKGROUND

On March 9, 2012, Plaintiff filed this lawsuit alleging discrimination in her employment based on race, violation of the Fair Labor Standards Act by her former employer in failing to pay overtime wages, retaliation against her in violation of the Florida Whistle Blower Act, and unjust enrichment / quantum meruit (*see* Doc. #1, Complaint).  On August 23, 2012, Defendant Haney's Motion to Dismiss was filed.  On  August 24, 2012, Defendant Matlock's Motion to Dismiss was filed.  Reading the two motions to dismiss together, Defendants allege untimely service of process on Haney and Matlock, and a complete failure of service upon Defendant Wilkins as the Secretary of DCF.  Defendants assert because the service of process was insufficient and defective, the Court should dismiss the complaint without prejudice.

Plaintiff filed an untimely response to the motions to dismiss.[4]  The untimely response included Plaintiff's request to enlarge the time period within which Plaintiff could effect service of process in this case.  Alternative Motion at 2.  Plaintiff's counsel averred there was difficulty in determining how to effectively serve the Secretary of DCF.  *Id.*

---

[3]Docket entry no. 7 shall be referred to as "Defendants' Response."

[4]Plaintiff's response and request for alternative relief was filed on September 24, 2012.  A response filed by September 10, 2012 would have been timely.  *See* M.D. Fla. Loc. R. 3.01(b); Fed. R. Civ. P. 6.  The Court's determination that Plaintiff's counsel shall be responsible for payment of the attorney's fees incurred by Defendants Haney and Matlock in bringing the motions to dismiss is sufficient sanction in this matter, including the untimely filing of Plaintiff's response.  Thus, Plaintiff's Response in Opposition to Motion[s] to Dismiss for Untimely Service of Process and Alternative Motion for Extension of Time for Service (Doc. #6) shall remain in the record.

Counsel submitted this confusion constituted good cause to enlarge the period for service of the Complaint and summons on Defendants. *Id.*

Plaintiff requests the Court enlarge the time for service of process upon Defendants Haney and Matlock through August 23, 2012. With such an enlargement the personal services of process that were declared to have been made on August 6 and August 23, 2012, effectively would be timely. Plaintiff also requests the Court further enlarge the time for service upon Defendant Wilkins in his capacity as Secretary of the Florida Department of Children and Families. Plaintiff's counsel originally submitted good cause existed for the sought enlargements because he had some confusion on how to properly serve the Defendants in this action. Alternative Motion at 2. But counsel also erroneously stated in the Alternative Motion that service had been effected upon all Defendants, "just two (2) months out of time." *Id.* During the course of the hearing, Plaintiff's counsel argued this Court should permit the sought enlargements because dismissal of the complaint at this juncture would likely bar Plaintiff from re-pleading at least some of her claims.

In opposing Plaintiff's Alternative Motion, Defendants Haney and Matlock contend Plaintiff "has not alleged any of the legitimate circumstances which might justify a finding of good cause." Defendants' Response at 5. Going even further, Defendants claim the lack of diligence demonstrated by Plaintiff's counsel appears to have been intentional. *Id.* During the hearing, Defendants' counsel again suggested the failure of Plaintiff's counsel to properly effect service of process upon the Defendants in this case was an intentional strategy decision so that Plaintiff could determine who needed to be sued.

3

## II.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 4 of the Federal Rules of Civil Procedure provides a plaintiff may serve an individual defendant in any one of several ways.  Specifically, the rule states:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or  (2) doing any of the following:  (A) delivering a copy of the summons and of the complaint to the individual personally;  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  In order to properly serve a department within the state government, the plaintiff is required to effectuate service of process by either "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).

If a plaintiff is unable to effect service within the required 120 day time period after the complaint is filed, the plaintiff has the burden of showing good cause for the failure to timely serve the defendant.  *See Moore v. Bayer Corp.,* No. 11-14546, 2012 WL 3323689 at *1 (11th Cir. August 14, 2012) (district court did not abuse its discretion by denying an

4

extension of time to serve corporate defendant because plaintiffs did not establish good cause for their failure to perfect service for more than a year after the action was filed).[5] Good cause requires identification of an outside factor preventing service, reliance on faulty advice, or evasion of service. *Id.* Here, Plaintiff's counsel has failed to set forth an outside factor that interfered with timely service of process.

In fact, Plaintiff's counsel does not articulate any support for a showing of good cause as to why Defendants Haney and Matlock were not served with the summons and complaint within 120 days as required by Rule 4(m). Nor has counsel stated any reason, outside of ignorance, for failing to serve the Florida Department of Children and Families. In fact, Plaintiff's counsel admits there has been neglect in the case. Plaintiff should be aware that she is required to show more than inadvertence or negligence prevented service to be properly made within 120 days. On the facts presented to this Court, Plaintiff has failed to establish good cause specifically prescribed by Rule 4(m).

The Eleventh Circuit has held, however, even absent a showing of good cause, a district court has the discretion to extend the time for service of process, and the court must consider whether other circumstances warrant an extension of time. *Lepone-Dempsey v. Carroll County Comm'rs,* 476 F.3d 1277, 1281 (11th Cir. 2007). Specifically, in *Carroll County,* the Eleventh Circuit found that before the district court could dismiss the case for failure to show good cause for untimely service, the court was required to consider that the statute of limitations would bar the plaintiffs from re-filing the case. *Id.*

---

[5]Unpublished cases may be cited for persuasive authority in accordance with the Eleventh Circuit Rules. 11th Cir. R. 36-2.

In this action, the Court has considered other factors and circumstances that are pertinent to Plaintiff's request for an extension of time.  It appears that dismissal of the complaint would result in a bar to Plaintiff re-filing her claims of discrimination under Title VII of the Civil Rights Act, and her claim of DCF's failure to pay overtime compensation under the Fair Labor Standards Act.  Thus, the Court will use its discretion to enlarge the time for service of process in this case.  *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cri. 2005) (upholding the district court's decision to excuse the plaintiff's untimeliness in service of process, in part because plaintiff's claim would be foreclosed from re-pleading due to the statute of limitations).

Plaintiff's counsel is admonished that he is to proceed with due haste to **ensure sufficient, proper service of process** is, or has been, made upon all named Defendants by the deadline set forth below.  Counsel is also cautioned to carefully follow the mandates of the Local Rules of the Middle District of Florida, as failure to do so may result in a filed document being stricken without consideration on the merits.

Accordingly, it is hereby **ORDERED:**

1.      Plaintiff's Alternative Motion (Doc. #6) is **GRANTED TO THE EXTENT** Plaintiff shall have through **December 17, 2012** to effectuate service of process.

2.      Haney's Motion to Dismiss (Doc. #4) is **DEEMED MOOT**, in light of the above ruling.

3.      Matlock's Motion to Dismiss (Doc. #5) is **DEEMED MOOT**, in light of the ruling stated in paragraph 1.

4.      As the Court advised during the hearing, Plaintiff's counsel shall be responsible to Defendants for the reasonable costs and attorney fees of filing the motions to dismiss.  *See Donaldson v. Clark*, 819 F.2d 1551, 1556-57 (11th Cir. 1987).  Counsel for the parties shall meet and agree on an appropriate sum representing the fees and costs incurred by Defendants Haney and Matlock in bringing the motions to dismiss.  Payment shall be made forthwith.

If the parties are unable to agree, Defendants' counsel shall, **within fifteen (15) days** from the date of the Order, file a motion requesting fees and costs, together with sworn affidavits verifying those amounts.  Plaintiff's counsel  shall respond to the affidavits **within fifteen (15) days** from service.  The Court will consider the parties' requests and arguments abandoned if the directives of this paragraph are not followed.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2012.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Counsel of Record