**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHEILA ROSS,

    Plaintiff,

vs.                                                                              CASE NO. 3:12-cv-267-J-99TJC-TEM

DAVID WILKINS, Secretary,
DEPARTMENT OF CHILDREN AND FAMILIES,
STATE OF FLORIDA; EVA HANEY; and
PATTI MATLOCK,

    Defendants.
_____

# O R D E R

This case is before the Court in Defendant Haney's and Defendant Medlock's Motion for Attorneys' Fees (Doc. #14, Motion for Attorneys' Fees), which requests the Court order a sanction of $1,272.50 as reasonable expenses incurred in bringing Defendant Haney's Motion to Dismiss Plaintiff's Complaint Due to Insufficient Service (Doc. #4, "Haney's Motion to Dismiss") and Defendant Matlock's Motion to Dismiss Plaintiff's Complaint Due to Insufficient Service (Doc. #5, "Matlock's Motion to Dismiss").[1] These two motions to dismiss, and Plaintiff's Alternative Motion for Extension of Time for Service (Doc. #6, "Alternative Motion"), were argued before the Court on October 31, 2012 (*see* Doc. #9, Clerk's Minutes). During the course of the hearing and in the subsequent Order the parties were directed to meet and agree on reasonable attorney's fees and costs (*see* Doc. #10, Court Order).

---

[1]The Court notes Defendants' counsel has advised the correct spelling of this individual's surname is Medlock.  *See* Defendants Haney's and Medlock's Motion to Dismiss Plaintiff's Complaint (Doc. #13).  This reported error has no bearing on the Court's ruling.

Defendants filed the Motion for Attorneys' Fees upon determining that agreement with opposing counsel was not possible on this issue. Defendants also request an award of additional costs and fees related to the instant motion. Motion for Attorneys' Fees at 5-6 (requesting fees of $1,395 incurred in bringing the instant motion). To date, Plaintiff has not filed a response to the Motion for Attorneys' Fees and this matter is ripe for the Court's ruling. *See* M.D. Fla. Loc. R. 3.01(b); Fed. R. Civ. P. 6.

I. **BACKGROUND**

On March 9, 2012, Plaintiff filed this lawsuit alleging discrimination in her employment based on race, violation of the Fair Labor Standards Act by her former employer in failing to pay overtime wages, retaliation against her in violation of the Florida Whistle Blower Act, and unjust enrichment / quantum meruit (*see* Doc. #1, Complaint). On August 23, 2012, Defendant Haney's Motion to Dismiss was filed. On August 24, 2012, Defendant Matlock's Motion to Dismiss was filed. Reading the two motions to dismiss together, Defendants allege untimely service of process on Haney and Matlock, and a complete failure of service upon Defendant Wilkins as the Secretary of DCF. Defendants assert because the service of process was insufficient and defective, the Court should dismiss the complaint without prejudice.

Plaintiff filed an untimely response to the motions to dismiss. The untimely response included Plaintiff's request to enlarge the time period within which Plaintiff could effect service of process in this case. Alternative Motion at 2. Plaintiff's counsel averred there was difficulty in determining how to effectively serve the Secretary of DCF. *Id.* Counsel submitted this confusion constituted good cause to enlarge the period for service of the Complaint and summons on Defendants. *Id.*

Upon consideration, the Court found Plaintiff had failed to articulate any support for a showing of good cause as to why Defendants Haney and Matlock were not served with the summons and complaint within 120 days as required by Rule 4(m). The Court also found counsel failed to establish any reason, other than his lack of knowledge, existed for failing to serve the Florida Department of Children and Families. In fact, Plaintiff's counsel during the hearing admitted there had been neglect in the case. However, the Court further found dismissal of the case would work an undue hardship on Plaintiff because dismissal of the complaint would likely result in a bar to Plaintiff re-filing her claims of discrimination under Title VII of the Civil Rights Act, and her claim of DCF's failure to pay overtime compensation under the Fair Labor Standards Act. Thus, the Court used its discretion to enlarge the time for service of process in this case and sanctioned Plaintiff's counsel to pay the reasonable costs and attorney fees of filing the motions to dismiss.

II.   **ANALYSIS**

The Eleventh Circuit has directed that courts consider remedies less drastic than dismissal to sanction a party or that party's counsel for untimely service of process. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cri. 2005) (upholding the district court's decision to excuse the plaintiff's untimeliness in service of process, in part because plaintiff's claim would be foreclosed from re-pleading due to the statute of limitations); *see also Donaldson v. Clark*, 819 F.2d 1551, 1555-61 (11th Cir. 1987) (approving imposition of a monetary sanction under Fed. R. Civ. P. 11 as an appropriate sanction in the sound discretion of the court, *inter alia*, to deter costly maneuvers and avoid unnecessary delay and expense in litigation).

Here, Plaintiff's counsel failed to articulate any support for a showing of good cause as to why Defendants Haney and Matlock were not served with the summons and complaint within 120 days as required by Rule 4(m), which resulted in the filing of Haney's and Medlock's motions to dismiss, Plaintiff's response thereto and motion for alternative relief, and the Court's hearing of the matter in late October 2012.  These costs and delays in the litigation were easily avoidable.  Now, again, Plaintiff's counsel has failed to take timely action by not responding to the Motion for Attorneys' Fees before the response period ran.

Despite the direction provided in the Court's Order dated November 5, 2012 (Doc. #10), Plaintiff has not timely objected to the instant motion.  Thus the Court will **GRANT** the Motion for Attorneys' Fees as unopposed.  Plaintiff's counsel shall reimburse the reasonable expenses of $2,667.50 to Defendants Eva Haney and Patti Matlock  (through Defendants counsel).  Such payment shall be due and payable upon conclusion of this case in its entirety.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of December, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
        and *pro se* parties, if any

---

[2]The parties are still free to meet and agree on a settlement of this issue in a differing amount if both parties voluntarily consent.  This ruling is intended to resolve the Motion for Attorneys' Fees (Doc. #14).  Absent a future motion seeking compliance with this Order, the Court will not monitor the payment provisions set forth herein.